MATTER OF HERNANDEZ

In EXCLUSION Proceedings

A-13013528

*Decided by Board June 18, 1963*

In determining loss of citizenship under section 349(a) (4) (A), Immigration and Nationality Act, evidence of employment under the government of a foreign state or a political subdivision thereof should be established by properly authenticated documents which refer to the pertinent portion of the constitution, laws, and regulations of that foreign state.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without visa.

This is an appeal from the order of the special inquiry officer excluding the applicant upon the ground stated above.

The applicant a 40-year-old married male, became a citizen of both the United States and Mexico at birth. Since 1935 he has lived in Mexico; he has been working for the Municipal Water System of Naco, Sonora, Mexico since 1961. The Service charges that this employment resulted in the applicant's loss of United citizenship under the provisions of section 349(a) (4) (A) of the Act (8 U.S.C. 1481) which provides that a United States national shall lose his United States nationality by:

accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, if he has or acquires the nationality of such foreign state * * *."

Loss of United States nationality occurs under this section when the employment is "under the government of a foreign state or a political subdivision" even though performance of the duties of the employment is not inconsistent with retention of United States nationality (*Matter of Le Couteur*, Int. Dec. No. 1146), and even though the employment is not restricted to nationals of the foreign state.[1] We are thus faced with the sole issue as to whether applicant's employment is "under the government of a foreign state or a political subdivision."

---

[1] This conclusion is founded on the fact that express language of the predecessor section (section 401(d) of the Nationality Act of 1940, 54 Stat. 1187)

The special inquiry officer's finding that the applicant's employment was under the government of a foreign state or a political subdivision thereof is based on information from applicant's employer Roberto Duarte Guerrero, Manager of the Potable Water System, Municipal Government of Naco, Sonora, Mexico, who on a paper without letter-head and without seal furnished the information, that applicant works for the system and receives his pay as a pumpman from the Federal Government of Mexico, that the system is an agency of the Federal Government of Mexico in the Department of Hydraulic Resources, and that the system is owned by the Government of Mexico. He also states that the employees must be Mexican citizens. No reference to the legal basis for the hearsay opinion given by the manager of the system is set forth.

We believe the record is deficient. Evidence that the applicant's employment is under the Government of Mexico or a political subdivision of Mexico should be established by reference to the constitution, laws, and regulations of Mexico by documents which are properly authenticated. Proceedings will be ordered reopened for this purpose (See *Akiyo Oye* v. *Acheson*, 110 F. Supp. 635 N.D. Cal. (1953); *Teruo Naito* v. *Acheson*, 106 F. Supp. 770 S.D. Cal. (1952)).

ORDER: It is ordered that the proceedings be reopened for the purpose stated in our opinion and for such further action as the special inquiry officer may deem appropriate.

*It is further ordered* that the order of the special inquiry officer be certified to the Board.

---

requiring the employment to be that "for which only nationals of such [foreign] state are eligible" does not appear in section 349(a)(4)(A) of the Act. The natural inference of this omission is underlined by following comment made concerning the restriction, by the Senate committee on whose recommendations the present section was based:

This subdivision [section 401(d) of the Nationality Act of 1940] is highly technical and has been the subject of much discussion and interpretation. Generally, expatriation does not result where the restriction as to "nationals only" is not generally enforced. Likewise, if nonnationals are permitted to take such employment after an official of the foreign state has stated that no nationals are available, expatriation does not result. It does not apply to those who have merely applied for employment, where the position is open to nationals only, or to temporary employment thereafter made permanent, where permanent employment is restricted to nationals only. The fact that a person may be a national of the foreign state is irrelevant if the position is open to others than nationals. The subsection does not, therefore, in many cases, affect dual nationals, and therefore has been ineffective in making such persons elect American citizenship exclusively. The subcommittee is recommending changes in this subsection which, is felt, will strengthen the law and make for a determination of citizenship and an elimination of dual citizenship. * * * (Footnotes omitted.) (S. Rep. No. 1515, 81st Cong., 2d Sess. 749–750 (1950).)